UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | USDC No. 22-cr-401-02 (APM) |
| | ) | |
| | ) | |
| Donald Willis, *defendant*. | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, through undersigned counsel Nathan I. Silver, II, Esq., appointed by this Court under the Criminal Justice Act, submits this memorandum to aid at sentencing on September 22 , 2023, when he appears in person before the Court for his sentencing hearing.

1. The defendant entered a plea of guilty to one count of Conspiracy to Commit an Offense Against or to Defraud the United States, in violation of 18 U.S.C. §371. The objects of the conspiracy were violations of 18 USC §§ 922(a)(1)(A) and 924(n); 18 USC §§ 922(a)(5) and 924(a)(1)(D); and 18 USC §§ 922(d)(1) and 924(a)(8. )

2. The defendant entered a plea at the earliest time possible.  He did not dispute the allegations and readily admitted to them.  With respect to the sentencing guidelines, he received a total of three (3) levels as a reduction from his total offense level of 18, establishing an adjusted offense level 15, with a criminal history category VI.  This produces a sentencing range of 41 to 51 months.

3.  The Presentence Investigation Report ("PSR") and the Government's Memorandum in Aid of Sentencing ("Govt. Memo") amply provide a factual background to the offense, the

defendant's own background, including a lengthy criminal history, and the procedural posture of this case.[1]

4. The government's position in the Plea Agreement is that it would seek a sentence of thirty-six (36) months, which is slightly below the low end of the range that applies here, and not oppose that it run concurrently with the sentence the defendant is serving in D.C. Superior Court 2021 FD3 006773, a twelve-year term which was imposed near the end of 2022.

5. The U.S. Probation Office has recommended that the Court impose a sentence of 46 months incarceration, at the midpoint of the applicable range (41-51 months), with a period of three years (36 months) supervised release to follow. (ECF Doc. 75, "Sentencing Recommendation,"  Sept. 8, 2023, page 2)[2]

6. Under 18 U.S.C. §3553(a) the following factors: (a) Factors To Be Considered in Imposing a Sentence. - The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider - (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the

---

[1] The PSR relies on the presentence report  produced in the defendant's recent conviction from D.C. Superior Court 2021 FD3006773, which was supplemented by the U.S. Probation Office with updated criminal history and guidelines calculation.  It also relies heavily on the plea documents in this case, which include a description of the firearms involved, the dates they were obtained,  and apparent locations of certain transfers.. (PSR, pp. 7-9, ¶¶17-27)

[2] Probation's recommendation notes that "The government has agreed to recommend that the sentence run concurrently" to the D.C. Superior Court sentence, which was recently modified.  More accurately, the government's position has been that it would not oppose, rather than actively request, that the Court order that the sentence in the instant case run concurrently with the Superior Court sentence.

defendant with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner….

    7. The defendant submits that the interests the Court must consider would be served, or at

least not *disserved*, by imposing a concurrent sentence, when the defendant is already serving a

lengthy sentence and is also on parole from an earlier one.[3]  .

    8. Throughout the pendency of this case, the defendant has sought a resolution to this

case that would not result in an additional period of incarceration.  His concern was enlivened by

the possibility that even a sentence meant to run concurrently with the Superior Court sentence

would not be implement as such by the U.S. Bureau of Prisons ("BOP").  Counsel conferred with

defendant's Superior Court counsel, Joseph Yarbough of the D.C. Public Defender Service, who

had raised this issue during plea negotiations.  The parties are now confident that were this Court

to impose a sentence with an order than it be concurrent with any other sentence the defendant is

now serving, the BOP would respect that.[4]

    9.  The defendant appreciates, of course, the government's temperate sentencing request

which does not oppose a concurrent sentence.  Out of an abundance of caution, given that the

BOP might calculate the defendant's sentence as running consecutively to the Superior Court

one, the defendant proposes an alternative.  It would be a variation, in which the  Court imposes

a sentence of time served (as the defendant consented to detention in this case roughly 9 months

ago), followed by a period of three (3) years supervised release.  Under this arrangement, the

defendant would complete his Superior Court sentence (he has about eleven years remaining)

---

[3] 1992 FEL 6041, D.C. Superior Court (Accessory after the Fact, 1st Degree Murder; Armed Robbery) in which a parole detainer was issued on Dec. 2, 2021. (*See* Final PSR, pages 14-15, ¶52)

[4] The government's Sentencing Memorandum elaborates on this issue, which originally appeared to be a thorny one and raised with the Court at the change-of-plea hearing. *See* Govt. Memo, pages 8-9, ftn. 1.

and would be on supervised release to this Court following his release.  By this means there could be no misunderstanding of the sentence and the practical effect would be the same.  He would serve just one sentence, then be released on supervised release in the two cases.  In the event of technical or new arrest violations, the defendant would be responsible to this Court, subject to revocation, followed by an additional period of incarceration.

10.  In the circumstances, then, the defendant requests a sentence of time served, followed by three (3) years supervised release, or alternatively, a sentence of thirty-six (36) months incarceration, followed by three years of supervised release.  Apart from the payment of the $100 special assessment, which the Court must order, the defendant respectfully requests that the Court waive the imposition of a fine, following the U.S. Probation Office's finding of indigency.[5]

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER, II
Unified Bar #944314
6300 Orchid Drive
Bethesda, MD 20817
(301) 229-0189 (direct)
(301) 229-3625 (fax)
email: nisquire@aol.com

---

[5] ECF Doc. 75, Probation recommendation, page 2

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served via ECF on Paul V. Courtner, Esq., DOJ-USAO District of Columbia, 601 D Street, N.W., Washington, D.C. 20530, this 15th day of September, 2023.

/s/

_____

*Nathan I. Silver, II*